IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  02-cv-00841-WYD-MEH

PROFESSIONAL BULL RIDERS, INC., a Colorado corporation

    Plaintiff,

v.

AUTOZONE, INC., a Nevada corporation,

    Defendant/Counterclaimant,

and

SPEEDBAR, INC., a Nevada corporation,

    Intervenor/Counterclaimant.

_____

**ORDER**
_____

    THIS MATTER comes before the Court on the parties' briefs filed on February 7, 2006, regarding whether two corporate officers of Autozone (Lisa Kranc and Dean Rose) will be allowed to testify via deposition pursuant to FED. R. CIV. P.  32(a)(3)(B).  I find for the reasons stated below that the officers may testify via deposition pursuant to Rule 32(a)(3)(B).

    Rule 32(a)(3)(B) states, "[t]he deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds . . . that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition."  The Tenth Circuit interpreted this rule in *Garcia-Martinez v.*

*City and County of Denver*, 392 F.3d 1187 (10th Cir. 2004).  It first noted that Rule 32(a)(3)(B) is an exception to the hearsay rules, and that "[t]he proponent of the deposition bears the burden of proving that it is admissible under Rule 32(a)." *Id.* at 1191.  The Tenth Circuit also noted that "the mere fact that a party is more than 100 miles from the courthouse does not require the district court to automatically admit a party's deposition." *Id.*  "Rather, the trial court 'may consider all the circumstances relating to the party's absence to determine whether the deposition may be used.'" *Id.* (quotation omitted).

In this case, Plaintiff objects to Defendant offering the depositions of the corporate representatives on the basis that it procured their absence at trial. Specifically, Plaintiff argues that Defendant cannot meet its burden of demonstrating that it did not procure the officers' absence because "if it wants its officers present in Denver, all it has to do is tell them so."  Pl.'s Br. in Support of Objection to Def. Autozone's Proposed Use of Deposition Testimony of its Corporate Officers at 2.  I disagree with this argument and overrule Plaintiff's objection.

The Tenth Circuit in *Garcia-Mendez* explained that "[t]he plain meaning of 'procure' in Rule 32(a) is 'to bring about' or 'to cause to happen.'" *Id.* (quoting *Webster's Third New International Dictionary* 1809 (Philip Babcock Gove, ed., 2002)). In that case, the Tenth Circuit held that the plaintiff procured his own absence from trial by choosing to leave the country to avoid deportation. *Id.* at 1192.  I find that this case is distinguishable.  Here, the two witnesses at issue reside in Memphis, which is more

than 100 miles away, and Defendant has done nothing to bring about or cause their absence at the trial.  It simply has not taken affirmative steps to bring them to trial.

I find the case of *Carey v. Bahama Cruise Lines*, 864 F.2d 201 (1st Cir. 1988) persuasive under the circumstances here.  In *Casey*, the First Circuit held that deposition testimony of crew men employed by the defendant cruise lines was admissible where the crew men were more than 100 miles away (*i.e.*, they were at sea).  *Id*. at 204.  *Casey* noted that "the plaintiffs have offered absolutely no evidence to support the allegation that the Bahama Cruise Lines 'actively took steps to keep the deponents from setting foot in the courtroom.'"  *Id*. (quotation omitted).  *Casey* further held that "the mere fact that the deponents are employed by the defendant and that there is an identity of interest between the deponents and their employer is not enough to trigger exclusion because 'procuring absence and doing nothing to facilitate presence are quite different things.'"  *Id*. (quotation omitted).

I find that the reasoning in *Casey* controls.  As in *Casey*, there is no evidence that Defendant took active steps to keep the deponents from coming to the trial.  Instead, Defendant, the employer of the deponents, simply did nothing to facilitate their presence.  While I acknowledge that there is a preference for a witness's attendance at trial, *Garcia-Martinez*, 392 F.3d at 1191, it appears that the two corporate representatives at issue are not key witnesses whose "credibility'" and "demeanor" need to be examined.  *Id*.  Indeed, Defendant states that these individuals had no direct contact with any agents of Plaintiff during the time Plaintiff was offering its two proposed sponsorship agreements relevant to Plaintiff's claims.  Plaintiff's explanation

in its brief as to why these witnesses are important does not satisfy the Court that these witnesses are critical to the case.

In conclusion, I find that Defendant has met its burden of showing that the depositions of the corporate representatives are admissible at trial under Rule 32(a)(3)(B). The witnesses are more than 100 miles away and there is no evidence that Defendant procured the absence of these witnesses at trial. Accordingly, it is

ORDERED that Defendant may offer the depositions of corporate representative Lisa Kranc and Dean Rose pursuant to Fed. R. Civ. P. 32(a)(3)(B). Plaintiff's objections to these depositions being offered in lieu of live testimony are **OVERRULED**.

Dated: February 9, 2006

                                            BY THE COURT:

                                            s/ Wiley Y. Daniel
                                            Wiley Y. Daniel
                                            U. S. District Judge