IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  02-cv-00841-WYD-MEH

PROFESSIONAL BULL RIDERS, INC., a Colorado corporation

    Plaintiff,

v.

AUTOZONE, INC., a Nevada corporation,

    Defendant/Counterclaimant,

and

SPEEDBAR, INC., a Nevada corporation,

    Intervenor/Counterclaimant.
_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

    THIS MATTER is before the Court on numerous post trial motions.  Specifically, this Order addresses (1) Plaintiff's Motion to Amend Judgment, (2) Plaintiff's Motion for Award of Attorneys' Fees and Nontaxable Expenses, and (3) Defendant Autozone's Rule 59 Motion to Alter or Amend Judgment or, in the Alternative, for New Trial.  All three motions were filed March 15, 2006.

    For the reasons stated below, the parties' motions to alter or amend the judgment as to liability and damages are denied.  Defendant's motion for new trial is also denied.  However, Plaintiff's Motion to Amend Judgment is granted as to the award of prejudgment interest.  Plaintiff's Motion for Award of Attorney Fees and Nontaxable

Expenses is granted as to the request for fees and costs under the Sponsorship Agreement, but denied under 15 U.S.C. § 1117(a). A hearing is set for Monday, June 19, 2006, at 10:00 a.m. on the issue of the reasonableness of the fees and the amount of fees to be awarded.

II.     ANALYSIS

   A.     Motions to Alter or Amend Judgment and Motion for New Trial

Defendant Autozone's Rule 59 Motion to Alter or Amend Judgment or, in the Alternative, for New Trial asserts that the judgment should be altered or amended to resolve liability on the breach of contract claim in Defendant's favor. Defendant contends that Plaintiff offered no competent evidence at trial that Defendant agreed to or accepted the Sponsorship Agreement at issue, and that no reasonable jury could have found for Plaintiff on the breach of contract claim. Defendant also contends that the evidence was undisputed at trial that as of January 4, 2002, AutoZone and Speedbar had withdrawn from Plaintiff its authority to use their protected trade and service names and marks. Accordingly, Defendant contends that it is undisputed that Plaintiff's continued use thereafter of the protected names and marks was in violation of Autozone's rights, and ask that the judgment be altered or amended in favor of Autozone and Speedbar on the counterclaim. In the alternative, Defendant requests a new trial.

Plaintiff's Motion to Amend Judgment seeks to amend the amount of damages awarded as to the breach of contract claim. Plaintiff argues that there was no basis in the evidence for the amount of damages awarded, $87,480.00. Instead, Plaintiff

asserts that the only evidence was that Plaintiff suffered a net loss of $351,500.00 due to the breach of contract, and that this is the amount which places Plaintiff in the position it would have been in had the breach not occurred (in accord with the jury instructions). Accordingly, Plaintiff asserts that the judgment should be amended to award Plaintiff $351,500.00 in damages. Finally, Plaintiff asserts that the Court should award prejudgment interest pursuant to COLO. REV. STAT. § 5-12-102 at 8% per annum, compounded annually, from December 31, 2002 through the date of the judgment, March 1, 2006.

Turning to my analysis, a motion under FED. R. CIV. P. 59(e) to alter or amend a judgment "should be granted only to prevent manifest errors or law or to present newly discovered evidence." *Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1274-75 (10th Cir. 2005). Because the jury found in favor of Plaintiff, I review the evidence in the light most favorable to it. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 988 (10th Cir. 1999). In ruling on the motions to alter or amend the judgment, I must "accept the jury's factual determinations as long as they are reasonably based on some evidence or the inferences that may be drawn from such evidence." *Id*. As to Defendant's alternative request for a new trial, it must be shown that "the jury's verdict was so against the weight of the evidence as to be unsupportable." *Bangert Bros. Const. Co. v. Kiewit Western Co.*, 310 F.3d 1278, 1299 (10th Cir. 2002).

In the case at hand, I find that the parties' motions to alter or amend the judgment or for a new trial as to the judgment in favor of Plaintiff on the breach of

-3-

contract claim and the amount of damages awarded as to same should be denied. The jury was properly instructed on the elements of a breach of contract claim, and there was evidence that would support a verdict in favor of Plaintiff as to same. As argued by Plaintiff, there was evidence that the parties agreed to the terms contained in the sponsorship agreement, that no one at Professional Bull Riders, Inc. received any communication to the contrary, and that the parties performed pursuant to the terms they had agreed to in the Agreement throughout the 2001 season.

Further, the jury was properly instructed as to the amount of damages, and I will not second guess the jury's decision as to same. As argued by Defendant, the jury could have awarded damages in accordance with the value of Plaintiff's events at which Defendant's banners were placed as a proportion of the whole amount of the proposed contract for 2002. The jury was entitled to make its own assessment of the amount necessary to put Plaintiff in the position that it would have enjoyed had the breach not occurred, and was not constrained in making that assessment to specific evidence of the actual amount.

However, I grant Plaintiff's motion to the extent it seeks an award of prejudgment interest pursuant to Colo. Rev. Stat. § 5-12-102. Defendant conceded in its response to Plaintiff's motion that if the Court denied its motion to alter or amend (finding that a reasonable jury could have found for Plaintiff on the breach of contract claim), an award of prejudgment interest was proper.

### B.     Motion for Award of Attorney Fees and Nontaxable Expenses

I next address Plaintiff's request for an award of attorney fees and nontaxable expenses.  This motion asserts that an award of fees is appropriate as to Plaintiff's breach of contract claim pursuant to the Sponsorship Agreement that the jury found was breached.  Plaintiff also contends that fees should be awarded in connection with Plaintiff's defense of the counterclaim pursuant to 15 U.S.C. § 1117(a), which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

I find that an award of fees is proper as to the breach of contract claim under the Sponsorship Agreement.  Section 3.3 of the Sponsorship Agreement specifically provides for an award of reasonable fees and costs to the prevailing party in an action to enforce the Agreement.  In this case, the jury found in favor of Plaintiff on the breach of contract claim and, in so doing, found that AutoZone entered into the Sponsorship Agreement with Plaintiff.[1]  I previously rejected Defendant's argument that the judgment should be altered or amended (or a new trial granted) because there was insufficient evidence to establish that Autozone accepted the terms of the Sponsorship Agreement.  Accordingly, I find that the Sponsorship Agreement should be enforced and Plaintiff should be awarded reasonable attorney fees and costs in connection with its action to enforce the contract.

---

[1] The jury instruction as to that claim advised the jury that its verdict must be for the Plaintiff if it proved that AutoZone entered into the Sponsorship Agreement with PBR.

I deny, however, the request to award fees under 15 U.S.C. § 1117(a). I find that this is not an exceptional case that would warrant the imposition of fees under that statute.

Finally, as to the amount of fees and costs that should be awarded to Plaintiff, I defer a ruling on this. A hearing on the reasonableness of the fees and costs and the amount to be awarded is set Monday, June 19, 2006, at 10:00 a.m.

III.  CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion to Amend Judgment filed March 15, 2006 is **GRANTED IN PART AND DENIED IN PART**. More specifically, the motion is **DENIED** as to the request to amend the judgment as to the award of damages. It is **GRANTED** as to the request to amend the judgment to award prejudgment interest. In accordance therewith, it is

ORDERED that the Clerk of Court shall amend the judgment to reflect that prejudgment interest is awarded to Plaintiff pursuant to Colo. Rev. Stat. § 5-12-102 at the rate of 8% per annum, compounded annually, from December 31, 2002 through the date of the judgment, March 1, 2006. Plaintiff asserts that the amount of prejudgment interest should be $24,168.80, which amount shall be verified by the Clerk of Court. It is

FURTHER ORDERED that Plaintiff's Motion for Award of Attorneys' Fees and Nontaxable Expenses filed March 15, 2006, is **GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART**, consistent with this Order. Specifically, the request for an

award of fees and costs pursuant to the parties' agreement is granted, but the request for fees under 15 U.S.C. § 1117(a) is denied.  The reasonableness of the fees and the amount of fees and costs to be awarded are deferred to a hearing set **Monday, June 19, 2006, at 10:00 a.m.**  It is

FURTHER ORDERED that Defendant Autozone's Rule 59 Motion to Alter or Amend Judgment or, in the Alternative, for New Trial filed March 15, 2006, is **DENIED**.

Dated:  May 22, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge