IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  02-cv-00841-WYD-MEH

PROFESSIONAL BULL RIDERS, INC., a Colorado corporation

    Plaintiff,

v.

AUTOZONE, INC., a Nevada corporation,

    Defendant/Counterclaimant,

and

SPEEDBAR, INC., a Nevada corporation,

    Intervenor/Counterclaimant.

_____

**ORDER**
_____

THIS MATTER came before the Court on a hearing on June 19, 2006, on Plaintiff's Motion for Award of Attorneys' Fees and Nontaxable Expenses.  By previous Order filed May 22, 2006, I granted the motion part, denied it in part and deferred it in part.

Specifically, I granted the request for an award of attorney fees under the Sponsorship Agreement at issue, since Section 3.3 of the Agreement provides for an award of fees and costs to the prevailing party in an action to enforce the agreement.  I denied the request for an award of fees under the Lanham Act, 15 U.S.C. § 1117(a).  I deferred the amount of the fees to be awarded and the reasonableness of the fees to this hearing.

At the hearing, I heard testimony from Plaintiff's expert Daniel S. Hoffman as to the issue of the reasonableness of attorney fees and considered Mr. Hoffman's affidavit. I also considered the affidavits, billing invoices and other documents submitted by Plaintiff in support of the motion. Finally, I considered the factors set out by the Colorado courts in assessing the reasonableness of fees, *see City of Wheat Ridge v. Cerveny*, 913 P.2d 1110, 1116-17 (Colo. 1996), those stated in Rule 1.5 of the Colorado Rules of Professional Responsibility, and the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 715, 717-19 (5th Cir. 1994) (approved by the Tenth Circuit in *Brown v. Phillips Petroleum Co.*, 838 F.2d 451 (10th Cir. 1988)).

I find that there are positive factors that support the amount of fees sought by Plaintiff, including the novelty and complexity of the issues involved in this case (*i.e.*, the statute of frauds issue that was litigated in this Court and in the Tenth Circuit and that was sent to the Colorado Supreme Court by the Tenth Circuit), the time spent on this case by counsel and the hourly rates of counsel which I find to be reasonable. However, I also find that there are negative factors that warrant a reduction in the award of fees, as stated on the record at the hearing.

Specifically, I reduce the fees originally sought by Plaintiff to $235,582.00 based on the testimony of Daniel Hoffman and the affidavit he submitted in connection with his review of the fees. He assigned a 20% discount to the fees based on negative factors that included the fact that the results obtained were far less than the amount sought and the fact that a contingent fee agreement existed that, when applied to the verdict, was considerably less than the lodestar amount. I agree with Mr. Hoffman and find that

a 20% reduction of the fees sought by Plaintiff is appropriate given those negative factors.

I reduce the fees of $235,582 by an additional 20% ($47,116) to $188,466.00 in connection with the amount estimated by Plaintiff's counsel to have been incurred in connection with the defense of the counterclaim. I declined to award fees under the Lanham Act, and note that the Sponsorship Agreement under which fees are awarded allows fees only in connection with enforcement of the agreement. Allowing Plaintiff to recover fees in connection with defense of the trademark counterclaims would constitute a windfall which is not proper.

I add to the fees of $188,466.00 an additional $8,187.00 in connection with fees incurred by Plaintiff in connection with Mr. Hoffman's testimony at the hearing. The total amount of attorney fees awarded is $196,653.00. I also award the costs sought by Plaintiff in the amount of $9,844.00, which I find are recoverable under the Sponsorship Agreement.

In conclusion, it is

ORDERED that Plaintiff Professional Bull Riders, Inc. is awarded $196,653.00 in attorney fees and $ 9,844.00 in nontaxable costs, totaling $206,407.00.

Dated: June 20, 2006

                                    BY THE COURT:

                                    s/ Wiley Y. Daniel
                                    Wiley Y. Daniel
                                    U. S. District Judge